UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  26cr10110 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| LAPORTIA BRANCH, | ) | ███████████████████ |
| | ) | |
| Defendant | ) | Counts Two-Three: Wire Fraud |
| | ) | (18 U.S.C. § 1343) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant LAPORTIA BRANCH was a resident of Randolph, Massachusetts.

2.    ████████████████████████████████████████

The Paycheck Protection Program

3.    The United States Small Business Administration ("SBA") was an agency of the executive branch of the United States government. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters. As part of this effort, the SBA enabled and provided for loans, guaranteed by the government, through banks, credit unions, and other lenders.

4.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in March 2020 to provide emergency financial assistance to Americans suffering the

1

economic effects of the COVID-19 pandemic. The CARES Act also provided funding for forgivable loans to small businesses for job retention and certain other expenses through the Paycheck Protection Program ("PPP"). The PPP offered forgivable loans to small businesses affected by the COVID-19 pandemic. The loan proceeds could be used for payroll and certain other business expenses.

5.     In order to obtain a PPP loan, a qualifying business was required to submit a loan application signed by an authorized representative of the business acknowledging the program rules and making certain affirmative certifications, including details about the business and documents to verify its income. PPP loan applications were processed by participating lenders.

6.     Because the PPP was an emergency program designed to provide funds to small businesses as quickly as possible, participating lenders were allowed to rely on applicants' certifications without verifying the accuracy of information the applicants represented to be true.

7.     If a PPP loan application was approved, the participating lender funded the PPP loan using its own money, but the loan was guaranteed by the SBA. Data from the application, including information about the borrower and its income, was transmitted by the lender to the SBA in the course of processing the loan.

8.     After obtaining the loan proceeds, the borrower could apply for forgiveness of the loan if they met certain requirements. If the loan was forgiven, the SBA repaid the lender the full amount of the loan plus any accrued interest.

9.     A private financial services company referred to herein as the "Lender," which was based in Florida, participated in the PPP program as a lender.

2

███████████████████████████

10.    ████████████████████████████, BRANCH applied to the Lender for two PPP loans for a non-existent business purportedly owned by BRANCH.

11.    Unaware that BRANCH did not own a business, the SBA guaranteed the loans, the Lender issued them, and the SBA forgave them.

12.    ████████████████████████████████████
████████████████████████████

13.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████
███████████████████
████████████████████████████████

14.    ████████████████████████████████████
████████████████████████████████████████
███████████████████

████████████████████████████████
████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████
████████████████████████
████████████████████████
████████████████████████████████████████████
████████████████

3

███████████████████████████████████████████████████

██████████

### The First PPP Loan

15.    ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████

16.    ████████████████████████████████████ an application for a $20,416 PPP loan for a non-existent business allegedly owned by BRANCH (the "First PPP Loan"). The application falsely represented that BRANCH was the sole proprietor of a beauty salon that had received $98,000 in gross income in 2019. █████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████

17.    On or before April 2, 2021, BRANCH signed the application electronically. BRANCH falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

18.    The application was supported by a fabricated 2019 Schedule C ██████████ ██████████.

19.    PPP applications to the Lender were required to be submitted through the Lender's internet portal. ███████████████████████████████████████

████████████

20.    On or about April 2, 2021, BRANCH's application and fake Schedule C were submitted to the Lender through its portal.

21.     On or before April 21, 2021, the Lender, unaware that BRANCH did not own a business, asked the SBA to guarantee the First PPP Loan if BRANCH later applied for loan forgiveness.

22.     On or before April 21, 2021, the SBA, unaware that BRANCH did not own a business, agreed to guarantee the First PPP Loan. The false certification that BRANCH owned a business was material to the SBA's decision.

23.     On or about April 21, 2021, BRANCH's account no. -2338 at Santander Bank in Massachusetts received an ACH electronic transfer of approximately $20,416 from the Lender's account at Capital One. The transaction was processed through Capital One's servers in Virginia.

24.     ███████████████████████████████████████████████████████

███████████████████████████████

25.     ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████

26.     On or before September 8, 2021, the Lender reported the information on BRANCH's forgiveness application to the SBA.

27.     On or about September 8, 2021, the SBA granted BRANCH's forgiveness application. BRANCH's false certification on her loan and forgiveness applications that she owned a business was material to the SBA's decision.

28.     On or about September 8, 2021, the SBA repaid the Lender approximately $20,416 for the principal on BRANCH's First PPP Loan plus approximately $80.53 in accrued interest.

### The Second PPP Loan

29.

30. ██████████████████████████████████████ an application for another $20,416 PPP loan for BRANCH's non-existent beauty salon (the "Second PPP Loan").

31. On or before April 13, 2021, BRANCH signed the application electronically. BRANCH falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects."

32. On or about April 13, 2021, BRANCH's application and the fake Schedule C were submitted through the Lender's portal.

33. ████████████████████████████████████████████████
████████████████████████

34. On or before May 5, 2021, the Lender, still unaware that BRANCH did not own a business, asked the SBA to guarantee the Second PPP Loan if BRANCH later applied for loan forgiveness.

35. On or before May 5, 2021, the SBA, still unaware that BRANCH did not own a business, agreed to guarantee the Second PPP Loan. The false certification that BRANCH actually owned a business was material to the SBA's decision.

36. On or about May 5, 2021, BRANCH's account no. -2338 at Santander Bank in Massachusetts received an ACH electronic transfer of approximately $20,416 from the Lender's account at Capital One. The transaction was processed through Capital One's servers in Virginia.

37. ██████████████████████████████████████████

████████████████████████████

38. ██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

39. On or before September 21, 2021, the Lender reported the information on BRANCH's forgiveness application to the SBA.

40. On or about September 21, 2021, the SBA granted BRANCH's forgiveness application. The false information on BRANCH's loan and forgiveness applications was material to the SBA's decision.

41. On or about September 21, 2021, the SBA repaid the Lender approximately $20,416 for the principal on BRANCH's Second PPP Loan plus approximately $79.96 in accrued interest.

## COUNT ONE



<u>COUNTS TWO - THREE</u>
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney charges:

44.    The United States Attorney re-alleges and incorporates by reference paragraphs 1-41 of this Information.

45.    On or about the dates below, in the District of Massachusetts, and elsewhere, the defendant,

LAPORTIA BRANCH,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description |
|---|---|---|
| 2 | 4/21/2021 | Approximately $20,416 received in BRANCH's account no. -2338 at Santander Bank in Massachusetts via ACH electronic transfer from the Lender's account at Capital One, which was processed through Capital One's servers in Virginia |
| 3 | 5/5/2021 | Approximately $20,416 received in BRANCH's account no. -2338 at Santander Bank in Massachusetts via electronic transfer from the Lender's account at Capital One, which was processed through Capital One's servers in Virginia |

All in violation of Title 18, United State Code, Section 1343.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

1.      Upon conviction ████████████████████████████████████

████████████████████████████████████████, the defendant,

LAPORTIA BRANCH,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C),

and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes

or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is

not limited to, the following assets:

    a.  $40,992.49, to be entered in the form of a forfeiture money judgment.

2.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant

to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section

2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without
        difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

10

LEAH B. FOLEY
UNITED STATES ATTORNEY


By:    */s/ Christine Wichers*
       CHRISTINE WICHERS
       Assistant U.S. Attorney


Date: April 16, 2026

11